UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
COZEN O'CONNOR,                                    Case No:

                                Plaintiff,     **COMPLAINT**

    -against-

                                            **DEMAND FOR JURY TRIAL**

USAC AIRWAYS 691 LLC,

                                Defendant.
------------------------------------------------------------x

Plaintiff COZEN O'CONNOR ("Plaintiff" or "Cozen"), by its attorneys, hereby files this Complaint against Defendant USAC AIRWAYS 691 LLC ("Defendant" or "USAC Airways"), and in support thereof, alleges as follows:

## PARTIES

1. Cozen is a professional corporation engaged in the business of providing legal services. Cozen is organized and exists under the laws of the Commonwealth of Pennsylvania and has a principal place of business located at 1650 Market Street, Suite 2800, Philadelphia, Pennsylvania 19103. Cozen maintains offices in various other locations around the United States, including in the State of New York at 277 Park Avenue, New York, New York 10172, and at 45 Broadway, 16th Floor, New York, New York 10006.

2. Upon information and belief, USAC Airways is a limited liability company organized under the laws of the State of New Jersey and has a principal place of business located at 101 Charles A. Lindbergh Drive, Suite 204, Teterboro, New Jersey 07608-1009.

## JURISDICTION AND VENUE

3. This is an action for breach of contract and related claims arising under the laws of the State of New York.

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events or omissions giving rise to the claims arose within this district.

## GENERAL ALLEGATIONS

6. USAC Airways is engaged in the business of providing private executive aviation services to corporate executives and individuals.

7. Cozen has a well-known Intellectual Property Department, the attorneys of which have skills and expertise in litigating intellectual property matters throughout the United States and in protecting clients' intellectual property through the prosecution, defense and acquisition of trademarks and other assets.

8. On or about September 27, 2017, USAC Airways retained Cozen in writing through one of its members, Edward M. Weisz, to act as counsel in connection with a lawsuit filed against USAC Airways in the Central District of California alleging trademark infringement and related claims (*C.C. Calzone, LLC v. USAC Airways 691 LLC dba Paragon Jets,* Case No. 8:17-cv-01019-JVS (C.D. Cal.)) (the "Action").  The engagement agreement (the "Agreement") also covered other intellectual property matters that USAC Airways might have in connection with its business.

9. Pursuant to the terms and conditions of the Agreement, USAC Airways agreed to pay for legal services rendered to it, as well as to pay all costs and expenses incurred throughout the course of Cozen's representation of USAC Airways.

10. From September 27, 2017, to on or about October 22, 2018, Cozen represented USAC Airways in the Action and in related intellectual property matters as directed by USAC Airways.

11. Cozen represented USAC Airways in connection with the Action, including but not limited to preparing and filing an Answer and other court filings, preparing and filing discovery requests and responses to discovery requests, reviewing and producing documents and reviewing documents produced by the plaintiff in the action (hereafter, "C.C. Calzone"), preparing and filing motions, taking and defending depositions in this district and in Los Angeles County where the lawsuit was pending, and filing a trademark application in the U.S. Patent and Trademark Office.

12. Cozen regularly communicated with USAC Airways through meetings at Cozen's New York offices and in email and telephone communications with USAC Airways employees.

13. On or about June 4, 2018, Cozen attorneys travelled to Los Angeles and participated in a day-long mediation session at Cozen's Los Angeles offices with a mediator and representatives of both parties. The parties continued the negotiations after the mediation and reached a tentative settlement in or about early August, 2018. C.C. Calzone's counsel transmitted a draft Settlement Agreement to Cozen on or about August 14, 2018, and Cozen transmitted the draft to USAC Airways on or about August 15, 2018. Upon being advised of the status, the Court dismissed the Action without prejudice and gave the parties 60 days to conclude the settlement or restore the Action to the Court's docket.

14. USAC Airways thereupon ceased communicating with Cozen about either the draft Settlement Agreement or its outstanding invoices. USAC Airways finally advised Cozen only days before the Court's 60-day deadline was set to expire that it had only "minor clarifications" to the draft Settlement Agreement.

15. Nonetheless, USAC Airways advised Cozen that it would not pay the amounts owed to Cozen. On or about October 22, 2018, Cozen terminated its representation of USAC Airways. USAC Airways engaged other counsel to finalize the settlement with C.C. Calzone. The final Settlement Agreement was the same Settlement Agreement that had been negotiated by Cozen, with the exception of minor changes.

16. During the period from September 27, 2017, to on or about October 22, 2018, Cozen regularly billed USAC Airways pursuant to and in accordance with the respective terms set forth in the Agreement.

17. USAC Airways paid Cozen $74,482.37 (of which $78,882.85 was for legal fees and $4,400.48 was for expenses) during the course of the Agreement, but fell behind in complying with its payment obligations to Cozen pursuant to the Agreement. Notwithstanding, USAC Airways repeatedly assured Cozen that it would pay the outstanding balances due and owing to Cozen.

18. In reliance upon USAC Airways' promises of full payment, Cozen continued its representation of USAC Airways in good faith.

19. Notwithstanding its assurance to Cozen that full payment of its balances was forthcoming, USAC failed to clear its balances as promised. USAC Airways' last payment to Cozen, of $50,000, was made on or about July 26, 2018, and was only a fraction of the outstanding receivables due and owing to Cozen.

20. At the time of its termination of Cozen, USAC Airways owed Cozen fees and expenses totaling $255,324.20 ($235,536.13 in fees and $19,788.07 in costs).

21. On or about May 6, 2019, Cozen sent notice to USAC Airways advising USAC Airways of its right to mandatory arbitration of this fee dispute pursuant to 22 N.Y.C.R.R. Part 137. More than thirty (30) days has passed and no response has been received from USAC Airways, leading to the filing of this Complaint.

22. Despite repeated good faith efforts to secure payment of the fees and expenses due, owing and outstanding to Cozen, USAC Airways has failed and refused to pay the balances owed for the work undertaken on its behalf and at its direction.

23. USAC Airways owes Cozen for unpaid legal fees Cozen earned, and for costs Cozen incurred on USAC Airways' behalf, from September 27, 2017, to on or about October 22, 2018, in the amount of $255,324.20.

<b><u>COUNT I</u></b><br><b>(Breach of Contract)</b>

24. Cozen incorporates by reference the averments of the preceding paragraphs as if the same were set forth at length herein.

25. Cozen and USAC Airways entered into a legally binding retainer agreement where Cozen provided, and USAC Airways accepted, legal services.

26. Pursuant to the Agreement, USAC Airways agreed to pay Cozen for the legal fees and costs incurred in Cozen's representation of USAC Airways.

27. Cozen performed the obligations required under the terms of the Agreement.

28. USAC Airways breached the material terms of the Agreement by failing to pay Cozen the outstanding balances it owed for legal services rendered and costs incurred under the terms set forth therein from September 27, 2017, to on or about October 22, 2018.

29. Cozen has repeatedly given written notice to USAC Airways of its breaches.

30. As a result of USAC Airways' breaches, Cozen has been damaged. USAC Airways is liable to Cozen for unpaid fees and costs for legal services rendered on behalf and at the request of USAC Airways in the amount of $255,324.20, plus interest and costs and any other relief to which Cozen may be entitled.

## COUNT II
### (Quantum Meruit)

31. Cozen hereby incorporates by reference the allegations of the preceding paragraphs as if the same were set forth at length herein.

32. Cozen rendered services to USAC Airways in good faith, and incurred fees and expenses on USAC Airways' behalf, having a value of $255,324.20, for which Cozen has not been paid.

33. USAC Airways accepted and enjoyed the benefits of Cozen's services and the advancements of costs and expenses, but has failed to compensate Cozen for the reasonable value of said services, costs, and expenses to which Cozen is entitled and as to which Cozen expected compensation.

34. USAC Airways is liable to Cozen for the reasonable value of its services, costs and expenses in the amount of $255,324.20, plus interest and costs and any other relief to which Cozen may be entitled.

## COUNT III
### (Unjust Enrichment)

35. Cozen hereby incorporates by reference the allegations of the preceding paragraphs as if the same were set forth at length herein.

36. USAC Airways benefitted from the legal services and advancement of costs provided to USAC Airways by Cozen.

37. The benefits to USAC Airways were at the expense of Cozen, which continued from September 27, 2017, to on or about October 22, 2018, to provide legal representation to USAC Airways and to incur costs and expenses on USAC Airways' behalf.

38. Equity and good conscience require that USAC Airways make restitution to Cozen in the amount of $255,324.20, plus interest and costs and any other relief to which Cozen may be entitled.

## JURY DEMAND

Pursuant to Rule 38(b), Plaintiff requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff hereby demands judgment in its favor and against USAC Airways as follows:

A) Awarding Plaintiff the sum of $255,324.20, exclusive of interest and costs;

B) Awarding Plaintiff the attorneys' fees it has incurred in investigating, bringing and prosecuting this action;

C) Awarding Plaintiff the costs and disbursements of this action;

D) Awarding Plaintiff pre- and post-judgment interest on any monetary award, including any attorneys' fee award; and

E) Awarding Plaintiff such other, further or different relief in its favor and against defendant as this Court may deem just and proper.

Dated: New York, New York
       July 19, 2019                              COZEN O'CONNOR

                                                            s/Tamar S. Wise
                                            Tamar S. Wise
                                            277 Park Avenue
                                            New York, New York 10172
                                            Tel. (212) 883-4900
                                            Fax: (646) 461-2054
                                            Email:  twise@cozen.com

                                            *Attorneys for Plaintiff Cozen O'Connor*

Brian P. Flaherty (*pro hac vice* application to be filed)
COZEN O'CONNOR
1650 Market Street, Suite 2800
Philadelphia, Pennsylvania
Tel.: (215) 665-2000
Fax: (215) 665-2013
Email: bflaherty@cozen.com